UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVIE MAPP,<br><br>                Plaintiff,<br><br>v.<br><br>CAPITAL ONE AUTO FINANCE,<br><br>                Defendant. | Civil Action No.: 25-02163 (JXN)(MAH)<br><br>**OPINION** |

**NEALS**, District Judge

      Before the Court is Defendant Capital One Auto Finance, a division of Capital One, N.A.'s (improperly pleaded as "Capital One Auto Finance") ("Defendant") motion to dismiss *pro se* Plaintiff Stevie Mapp's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Plaintiff opposed the motion (ECF No. 7), and Defendant replied in further support (ECF No. 8). The Court has carefully reviewed the Complaint and the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

    **I.   BACKGROUND**[1]

      This action arises out of a dispute over the purchase and financing of a used motor vehicle. The contract at issue, Plaintiff's January 14, 2021, Motor Vehicle Retail Installment Sales Contract - Simple Finance Charge ("RIC") with non-party dealership AOD Ventures Inc. ("Dealership"), for the purchase of a used 2016 Land Rover ("Vehicle"). (*See* Declaration of

---

[1] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Stephen J. Steinlight ("Steinlight Decl."), Ex. A, ECF No. 6-2.) The Dealership assigned the contract to Defendant. (*Id*. at *2.)[2] According to the RIC, Plaintiff made an initial down payment of $20,000 and received $34,654.12 in financing from Defendant to enable Plaintiff to buy the Vehicle. (*Id*. at *3.) The RIC required Plaintiff to make seventy-two monthly payments of $609.30, beginning February 28, 2021. (*Id*. at *2.) Defendant held a security interest in the Vehicle as collateral. (*Id*. at *5.)

Plaintiff alleges that Defendant "illegally repossess[ed]" the Vehicle after he made a "dispute," and that Defendant failed to return his down payment following the Vehicle's repossession. (*See* Notice of Removal, Ex. A, Complaint ("Compl.") at *5, ECF No. 1-1.) Plaintiff further alleges that the RIC failed to disclose the annual percentage rate ("APR"), finance charges, amount financed, total number of payments, and an itemization of the amount financed. (Compl. at 10.)

Plaintiff commenced this action on March 4, 2025, by filing a Complaint against Defendant for violations of the Truth in Lending Act ("TILA") in the Superior Court of New Jersey, Law Division, Special Civil Part, Union County. (*See generally* Compl.) On March 31, 2025, Defendant removed the Complaint to this Court based on federal question jurisdiction. (*See* Notice of Removal ¶¶ 8-12, ECF No. 1.)

On May 19, 2025, Defendant filed the instant motion to dismiss. (ECF No. 6.) Plaintiff filed a brief in opposition (ECF No. 7), and Defendant filed a reply in further support (ECF No. 8). This motion is now fully briefed and ripe for the Court to decide.

---

[2] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

## II.  JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's TILA claim, and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims.

## III.  LEGAL STANDARD

The Court assesses the sufficiency of a pleading before discovery under Federal Rules of Civil Procedure[3] 8 and 12. Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 12(b)(6) permits a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Taken together, the two rules require the plaintiff to allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The first step in determining whether a plaintiff has stated a plausible claim is to "tak[e] note of the elements" underlying his claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Santiago v. Warminster Township*, 629 F.3d 121, 129-30 (3d Cir. 2010). The second step is to examine the complaint and determine whether the factual allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Plausibility requires the plaintiff to plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The reasonableness of an inference depends on common sense and the strength of competing explanations for the defendant's conduct. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016); *Iqbal*, 556 U.S. at 682. Plaintiffs do not meet the plausibility burden when the facts alleged are "merely consistent with a defendant's liability" or show nothing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quotation marks and

---

[3] "Rule" or "Rules" hereinafter refers to the Federal Rules of Civil Procedure.

3

citation omitted). In gauging the plausibility of a claim, the Court must accept as true all well-pleaded factual allegations, construe those facts in the light most favorable to the plaintiff, and draw reasonable inferences from them. *Connelly*, 809 F.3d at 786 n.2.

In assessing a *pro se* plaintiff's complaint, the Court construes a plaintiff's allegations liberally. *See Beasley v. Howard*, 623 F. Supp. 3d 434, 439 (D.N.J. 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Nonetheless, "a litigant is not absolved from complying with . . . the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar*, 372 F. App'x at 328.

## IV. DISCUSSION

### A. Plaintiff's TILA Claim Is Time-Barred

Plaintiff alleges he received an "incomplete agreement" with certain terms and figures "not specified" and which "should be explicitly disclosed under the [TILA]." (Compl. at *5, 7.) Plaintiff asserts that the RIC "should comply with TILA by fully disclosing all terms of the credit, including the finance charge, APR, and total payments. Any failure in these disclosures can be grounds for claiming a violation of TILA." (Compl. at *10.)

Defendant argues that Plaintiff's TILA claim is time-barred by TILA's one-year statute of limitations. (ECF No. 6-3 at 4.) The Court agrees.[4]

---

[4] The Court notes that although a statute of limitations argument is an affirmative defense that typically cannot be raised in a motion to dismiss, an exception exists when, as here, the pertinent dates as pled in the complaint suggest that there is a statute of limitations violation. *See Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)

Congress enacted the TILA to ensure that "consumer[s] will be able to compare more readily the various credit terms available to [them] and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). To achieve this goal, the Act "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). The TILA "gives borrowers a civil cause of action against creditors who violate [the required] disclosure provisions." *McDougald v. BMW Fin. Servs. NA, LLC*, No. 23-2997, 2024 WL 3934721, at *5 (D.N.J. Aug. 26, 2024) (quoting *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998)). TILA claims must be brought within one year of the alleged violation. *See* 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation[.]") The one-year statute of limitations begins to run "when the disclosures should have been made but were not." *Alejandro v. Freedom Mortg. Corp.*, No. 22-897, 2022 WL 2068247, at *4 (E.D. Pa. June 8, 2022) (citing *Oldroyd v. Assocs. Consumer Disc. Co./PA*, 863 F. Supp. 237, 240 (E.D. Pa. 1994)). Specifically, "[i]n a case where the alleged violation was the failure to make timely disclosures, the date of the violation is deemed to be the date that the loan transaction was consummated, which is characterized as when the consumer 'becomes contractually obligated on a credit transaction.'" *Id*. (quoting 12 C.F.R. § 1026.2(a)(13)).

As noted above, claims arising under the TILA are time-barred by a one-year statute of limitations. 15 U.S.C. § 1640(e). Plaintiff's allegations relate to disclosures he claims were omitted from the RIC. (*See* Compl. at *8-11; Pl.'s Opp'n Br. at *1, ECF No. 7.) Specifically, Plaintiff

---

(noting that a statute of limitations issue apparent on the face of the complaint may form the basis of a dismissal under Rule 12(b)(6)).

alleges Defendant violated the TILA by failing to disclose the APR, finance charge, amount financed, total amount of payments, and itemization of amount financed in the RIC, which is dated January 14, 2021. (*See* Compl. at *10; Pl.'s Opp'n Br. at *1.) Plaintiff concedes he entered into the RIC in January 2021 and was provided with a copy of the RIC at that time. (*See* Compl. at *7; Pl.'s Opp'n Br. at *1.) Accordingly, because Plaintiff entered the RIC with Defendant on January 14, 2021, the statute of limitations for Plaintiff's TILA claim expired on January 14, 2022, more than three years before he filed his Complaint on March 4, 2025.

The limitations period is, however, "subject to equitable tolling in certain circumstances." *Sarsfield v. Citimortgage, Inc.*, 707 F. Supp. 2d 546, 560 (M.D. Pa. 2010) (citing *Ramadan*, 156 F.3d at 504-05). Equitable tolling is appropriate where (1) "the defendant has actively misled the plaintiff respecting the plaintiff's cause of action;" (2) "the plaintiff in some extraordinary way has been prevented from asserting his or her rights;" or (3) "the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.* (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). A party seeking tolling must demonstrate that they "exercised reasonable diligence in investigating and bringing the claims." *Ojelade v. Ocwen Fin. Corp.*, No. 25-1111, 2025 WL 1793662, at *6 (D.N.J. June 30, 2025) (quoting *Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998)).

Here, the Court finds the Complaint lacks sufficient allegations for the Court to equitably toll the statute of limitations for Plaintiff's TILA claim. Plaintiff claims he "could not reasonably discover the TILA violations at the time, especially while being rushed to sign and go" and that "the discrepancy came to light only when [P]laintiff started encountering defects and issues with the vehicle *within less than twelve months*." (Pl.'s Opp'n Br. at *5) (emphasis added.) However, Plaintiff has not alleged facts demonstrating either that he was prevented from recognizing the

6

validity of his claim within the limitations period imposed by 15 U.S.C. § 1640(e), or that his failure to recognize his claim stemmed from Defendant's deception rather than from his failure to uncover and investigate relevant facts. In fact, Plaintiff's own allegations, that he received an "agreement" that "clearly specified" the finance terms (Compl. at *7), fatally undermine his argument for tolling of the statute of limitations. The Court will thus grant Defendant's motion to dismiss Plaintiff's TILA claim; however, without prejudice to Plaintiff to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2).[5]

### B. The Court Declines Supplemental Jurisdiction Over Plaintiff's Remaining Claims

The Court construes Plaintiff's remaining claim as a breach of contract under state law. Because the Court has dismissed Plaintiff's federal claim, the remaining potential basis for this Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (quoting 28 U.S.C. § 1367(a)). However, the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has

---

[5] The Court notes that in his opposition, Plaintiff purports to raise several federal and state law claims that are not clearly asserted in his Complaint, including purported violations of the Federal Debt Collection Protections Act ("FDCPA") and the Federal Credit Reporting Act ("FCRA"), as well as state law violations for breach of implied covenant of good faith and fair dealing, and negligence. (*See* Pl.'s Opp'n Br. at *3-5.) However, it is well settled that "a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.* 98 F.4th 463, 472 (3d Cir. 2023); *see also Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (holding that plaintiff could not avoid dismissal by including new allegations in her briefs because "after-the-fact allegations" do not impact the court's analysis of the sufficiency of a complaint). In the interest of fairness, the Court will grant Plaintiff thirty days to amend his pleading for the sole purpose of setting forth these claims, should he wish to do so. *Fado v. Kimber Mfg., Inc.*, No. 11-4772, 2016 WL 3912852, at *11 n.8 (D.N.J. July 18, 2016).

7

original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284-85 (3d Cir. 1993). In exercising its discretion, "the district court should consider generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons*, 983 F.2d at 1284-85.

Here, the Court has dismissed Plaintiff's federal claim at the earliest possible stage of the proceedings and exercises its discretion to decline supplemental jurisdiction over any possible state law claims. Therefore, to the extent Plaintiff raises state law claims, these claims are dismissed without prejudice for lack of jurisdiction. Should Plaintiff file an amended pleading and adequately allege federal claims, the Court will then exercise supplemental jurisdiction and determine whether Plaintiff's state law claims have merit.

## V.     CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 6) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. Plaintiff is granted leave to file an amended complaint setting forth any viable federal and state law claims that were not clearly asserted in his Complaint within thirty (30) days of this Opinion and the corresponding Order. If Plaintiff fails to file an amended pleading within this timeframe, this dismissal will ripen into a dismissal with prejudice. Because Plaintiff's state-law claims are dismissed on jurisdictional grounds, the dismissal is entered without prejudice to their assertion in any forum that possesses jurisdiction. Should an amended complaint state viable federal claims, however, the Court may reconsider the dismissal

8

of state-law claims for lack of supplemental jurisdiction. An appropriate Order accompanies this Opinion.

**DATED:** December 2, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge